FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 20 2009

JAMES W. McCORMACK, CLERK
By:_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERRI MEAGLEY                         PLAINTIFF

vs.           CASE NO. 4:09cv00226 JMM

CITY OF LITTLE ROCK                DEFENDANT

## COMPLAINT

This case assigned to District Judge _____
and to Magistrate Judge _____

COMES the Plaintiff, by and through counsel, and for his Complaint states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of the State of Arkansas, who regularly uses the public facilities owned, operated or subsidized by the City of Little Rock. The City of Little Rock is a public entity, organized and existing under the laws of the State of Arkansas, who is a federal financial aid recipient as that term is defined by § 504 of the Rehabilitation Act of 1973. This is an action brought for disability discrimination under Title II of the Americans with Disabilities Act of 1990, §504 of the Rehabilitation Act of 1973, and the Arkansas Civil Rights Act of 1993. This court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as well as supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

### GENERAL ALLEGATIONS OF FACT

2. Plaintiff is a person with a disability, who requires the use of a mobility aid in order to travel any significant distance at all. Accordingly, Plaintiff has mobility impairment sufficient to be considered a person with a disability entitled to program access under federal and state law.

3. The City of Little Rock has failed to timely and properly complete its transition plan, as required by an order of this court.

4. Indeed, while Plaintiff was visiting the Little Rock Zoo, Plaintiff was provided an inappropriate mobility aid.

5. As a result, while Plaintiff was using the mobility aid provided to her by the Defendant, Plaintiff encountered a slope that exceeded the degree of slope allowed under federal accessibility guidelines.

6. As a result, the Plaintiff fell and sustained serious personal injury.

7. Plaintiff continues to travel the streets and sidewalks of the City of Little Rock, as well as use facilities owned, leased, administered, or subsidized by the City of Little Rock.

8. These facilities were the subject of a self-evaluation and transition plan, but the City of Little Rock has not completed this plan in a timely manner.

## COUNT 1

9. Plaintiff re-alleges the foregoing as if fully set out herein.

10. The City of Little Rock was under a court order to complete its transition plan in a timely manner. However, the City of Little Rock has failed to do so.

11. Indeed, the City of Little Rock was required to continue to evaluate its services and programs in order to assure compliance with the Americans with Disabilities Act of 1990, and § 504 of the Rehabilitation Act of 1973.

12. However, the City of Little Rock has intentionally failed to comply with these obligations.

13. Indeed, despite knowing that it was under an obligation not to create access barriers to persons with disabilities, under not only state and federal law, but this court's order,

entered in *Coates v. City of Little Rock*, the city of Little Rock has nonetheless erected access barriers within its facilities.

14. As a direct and proximate cause of the Defendant's acts and omissions alleged herein, Plaintiff has been physically injured, suffered pain, and continues to encounter access barriers.

WHEREFORE, Plaintiff prays for appropriate compensatory damages, for reasonable attorney's fees, for costs, for an injunction requiring the Defendant to comply with this court's previous order entered in *Coates v. City of Little Rock*, for an order requiring the Defendant to timely and appropriately complete its transition plan, for an order requiring the Defendant to remove access barriers within its facility such as, but not limited to, the Little Rock Zoo, and all other proper relief to which she may be entitled.

Respectfully submitted,

Harrill & Sutter, P.L.L.C.
Attorneys at Law
Post Office Box 2012
Benton, AR 72018-2012
(501) 315-1910

By: _____
Luther Oneal Sutter, Ark. Bar No. 95031