IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TERRY MEAGLEY**                                                                             **PLAINTIFF**

**VS.**                                          **NO. 4:09CV00226**

**CITY OF LITTLE ROCK**                                                                     **DEFENDANT**

### ORDER

Pending is Defendant's motion for summary judgment. (Docket # 10). Plaintiff has responded. For the reasons set forth herein, Defendant's motion is GRANTED IN PART AND DENIED IN PART.

Facts

Plaintiff, Terri Meagley, filed suit on March 20, 2009 against the City of Little Rock ("the City") pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Rehabilitation Act"), Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §12132, ("ADA") and the Arkansas Civil Rights Act.[1] Plaintiff claims that she is a person with a disability, who requires the use of a mobility aid in order to travel any significant distance. She claims that while visiting the Little Rock Zoo, she was provided an inappropriate mobility aid. Thereafter, while using the mobility aid provided by the zoo, she encountered a slope that exceeded the degree of slope allowed under federal accessibility guidelines. As a result, Plaintiff

---

[1] Plaintiff voluntarily abandoned her claim pursuant to the Arkansas Civil Rights Act in her response to Defendant's motion for summary judgment. Accordingly, Defendant's motion for summary judgment is granted as to Plaintiff's claim pursuant to the Arkansas Civil Rights Act.

fell and suffered personal injuries.

Defendant contends that summary judgment is proper. Plaintiff contends that genuine issues of material fact preclude the entry of summary judgment.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that

burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

To establish a violation under Title II of the ADA and Section 504 of the Rehabilitation Act, the Plaintiff must demonstrate: 1) she is a qualified individual with a disability; 2) she was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and 3) that such exclusion, denial of benefits, or other discrimination, was by reason of her disability.  *Layton v. Elder,* 143 F.3d 469, 472 (8th Cir.1998).  The Rehabilitation Act contains the additional requirement that the plaintiff show the program or activity from which she was excluded receives federal financial assistance. *See Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1998).

Defendant argues that Plaintiff's complaint infringes on the Court's jurisdiction over the City's ADA transition plan as set forth in the Court's August 14, 2000, Consent Decree entered in Clifton Coates v. City of Little Rock, Case No. 4:95CV00302.  Further, Defendant argues that based on Plaintiff's deposition testimony, she does not believe the City discriminated against her on the basis of her disability, and in fact, she was not discriminated against on the basis of her disability.  Finally, Defendant claims that the Plaintiff has failed to state a claim upon which relief can be granted.

The Court disagrees.  The class represented and subject to the Consent Decree entered

August 14, 2000 was defined as "Persons with disabilities who regularly use wheelchairs for mobility, are unable to lift themselves from their wheelchairs without assistance and are aggrieved by one or more of the following access barriers. . . . " (See, Class Action Settlement Agreement attached as Exhibit "D" to Defendant's Motion for Summary Judgment, p. 2).   There is no evidence that Plaintiff was a member of this class.  Further, the Settlement Agreement in the class action provided that with respect to the transition plan, "Plaintiffs are entitled to request, and if necessary, sue in federal court to require, that the City make such changes as are consistent with federal law." (*Id.* at  4).  Finally, pursuant to the Settlement Agreement, the City acknowledged that it would "continue to review its facilities, programs and services for compliance with federal law" and Plaintiffs were "entitled to request, and if necessary, sue in federal court to require, that the City make such changes as are consistent with federal law."  (*Id*. at 9).  Accordingly, Plaintiff's cause of action does not infringe on the Court's jurisdiction in the Coates Class Action and is not precluded by the Settlement Agreement and Consent Decree entered therein.

   Defendant's reliance on Plaintiff's response to questions posed in her deposition which requested legal conclusions is misplaced.  Plaintiff's counsel objected to the questions and the Court will not rely on the responses of Plaintiff to defeat her claims.

   Finally, Plaintiff has presented evidence which includes the affidavit of Patricia A. Hames, which concludes that the path of travel where Plaintiff was injured, was not in compliance with the Americans with Disabilities Act or that, the City failed to provide Plaintiff with an appropriate mobility aid in order to safely navigate the path of travel at issue.

   The Court finds that Plaintiff has presented sufficient evidence to create genuine issues of

material fact as to her claims pursuant to Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. Accordingly, Defendant's motion for summary judgment is denied as to these claims. As set forth herein, Defendant's motion is granted as to Plaintiff's claim pursuant to the Arkansas Civil Rights Act.

IT IS SO ORDERED this 19th day of April, 2010.

_____
James M. Moody
United States District Judge